UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROLANDO PINEDA, | ) | CASE NO.   4:08 CV 852 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| CORRECTION CORPORATION | ) | |
| OF AMERICA, et al, | ) | |
| | ) | |
| Defendants. | ) | |

On April 2, 2008, *pro se* plaintiff Rolando Pineda filed this action under 42 U.S.C. § 1983 against Correction Corporation of America ("CCA"), Warden Joseph Gunja, Security Chief E. Staiger, and the "S.I.S. Officials." (Compl. at 1.) In the complaint, plaintiff alleges he was deprived of his freedom, his cell assignment, his prison employment, and his grandson's picture when he was placed in the segregation unit without due process. He seeks monetary damages, and disciplinary sanctions against the defendants.

**Background**

Mr. Pineda is incarcerated in the Northeast Ohio Correctional Center ("NEOCC"), which is owned and operated by CCA. He was taken to the segregation unit of the prison on October 12, 2007.   He claims he was not told the reason for his placement in this unit and was not given a hearing. He contends that he was kept in segregation for 27 days. When he was released to the general population, he was assigned to another housing unit. He also discovered that he had lost the job in the prison laundry room which he had held for over a year, and noticed a picture of his grandson was missing from his personal belongings. He filed grievances asking the warden

and the prison officials to put him back in the position he was in prior to his stay in segregation. He has not received the relief he requested. Mr. Pineda asserts that the defendants failed to follow Bureau of Prisons ("BOP") regulations governing disciplinary hearings. He contends that this is a violation of due process.

## Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to § 1915(e).

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking § 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

Mr. Pineda claims he was not provided with notice of the reason for his placement in the segregation unit, and was not given a hearing in violation of the Fourteenth Amendment's Due Process Clause. The prison's failure to follow its own institutional guidelines and regulations, standing alone, does not implicate due process. "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993). It is the underlying liberty or property interest that is constitutionally protected, not the process itself. *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983). There is no abstract due process right to due process. *Id*.

In asserting a claim for denial of due process, the plaintiff therefore must first allege facts to suggest that he has been deprived of a constitutionally protected liberty or property interest. *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989); *Pusey v. City of Youngstown*, 11 F.3d 652, 656 (6th Cir.1993). A prison disciplinary proceeding does not give rise to a protected liberty interest unless the restrictions imposed constitute an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Placement in administrative segregation for twenty-seven days does not constitute an atypical and significant hardship on the inmate. *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir.1997); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir.1995).

Moreover, the loss of prison employment or a preferred housing assignment does not implicate a constitutionally protected property interest. Prisoners have no constitutional right to be incarcerated in a particular prison or a particular cell, *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Cash v. Reno*, No. 97-5220, 1997 WL 809982 (6th Cir. Dec. 23, 1997), and have no constitutional right to prison employment or a particular prison job. *Newsom v. Norris*, 888 F.2d

371, 374 (6th Cir.1989).

Finally, although Mr. Pineda does have a property interest in his photograph, he has not stated a claim for the denial of due process. To prevail on a procedural due process claim, the plaintiff must plead and prove either (1) that he was deprived of property as a result of an established state procedure that itself violates due process rights; or (2) by proving that the defendants deprived him of property pursuant to a random and unauthorized act and that available state remedies would not be adequate to redress the deprivation of property. *Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir 1991); *see Vicory v. Walton*, 721 F.2d 1062, 1064 (6th Cir. 1983). Mr. Pineda is not challenging an established state procedure, but rather is claiming that the defendants committed unauthorized acts which deprived him of his photograph. As such, he must also allege that the state remedies are not adequate to redress the deprivation. A remedy is available in the Ohio Court of Claims. *See Haynes v. Marshall*, 887 F.2d 700, 704 (6th Cir.1989). Mr. Pineda has not alleged facts which suggest that this remedy would be inadequate to address his concerns. Consequently, he has not stated a claim upon which relief may be granted.

## Conclusion

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

**IT IS SO ORDERED**.

Dated: July 24, 2008

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**

---

[2] 28 U.S.C. § 1915(a)(3) provides, in pertinent part:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.